```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

PATRICIA MURRAY             *
                            *
        Plaintiff           *
    v.                      *
                            *   Civil Action No. WMN-12-2674
Y OF CENTRAL MARYLAND       *
                            *
        Defendant           *
                            *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Amended Complaint with Prejudice. ECF No. 12. The motion is fully briefed.[1] Upon consideration of the pleadings, facts, and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, that Plaintiff's claims for wrongful discharge and defamation will be dismissed with prejudice, and that Plaintiff's claim for gender discrimination in violation of Title VII of the Civil Rights Act of 1964 will be dismissed without prejudice.

---

[1] Plaintiff's opposition, ECF No. 15, was untimely filed and fails to address any of the legal arguments raised in Defendant's motion. As a result, Defendant's motion is essentially unopposed. Moreover, because of the opposition's untimeliness, the Court will not entertain what could be construed as a request for remand. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (pro se "litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2012, Plaintiff, Patricia Murray, who is proceeding pro se, filed a complaint in the District Court of Maryland for Baltimore City alleging "Wrongful Termination and Defam[ation] of Character." Defendant, the Y of Central Maryland, moved to dismiss Plaintiff's Complaint and, following a hearing, the District Court granted the motion without prejudice and permitted Plaintiff to take 15 days to amend her complaint. On August 10, 2012, Plaintiff filed her Amended Complaint which alleged a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Title VII), in addition to her previously stated claims for wrongful discharge and defamation of character. On September 7, 2012, Defendant removed the case to this Court, ECF No. 1 (Notice of Removal), and on September 14, 2012, filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007)). In analyzing the complaint, the court must accept as true all well-pled allegations of the complaint and construe the facts and

reasonable inferences derived therefrom in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  Nonetheless, the court need not accept a plaintiff's legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Because Plaintiff is proceeding pro se, her complaint must be liberally construed.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Indeed, "a pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claim that would entitle her to relief."  Robertson v. Md. Med. Advisory Bd. Motor Vehicle Admin., Civ No. RDB-10-2696, 2011 WL 4443438 at *1 (D. Md. Sept. 22, 2011) (quoting Goron v. Leeke, 574 F.2d 1147 (4th Cir. 1978)).  But, "even a pro se complaint must meet a minimum threshold of plausibility." Mwabira-Simera v. Thompson Hospitality Services, LLP, Civ. No. WMN-11-2989, 2012 WL 959383 at *3 (D. Md. Mar. 20, 2012).

**III. DISCUSSION**

Defendant first argues that Plaintiff's claim for wrongful discharge should be dismissed in light of the holding of the

Court of Appeals of Maryland in <u>Makovi v. Sherwin-Williams Co.</u>, 561 A.2d 179 (Md. 1980).  There, the court held that the tort of wrongful discharge was not available when the plaintiff's claim was based on a violation of Title VII because   "the generally accepted reason for recognizing the tort, that of vindicating an otherwise civilly unremedied public policy violation, does not apply."  <u>Id.</u> at 189.  Here, Plaintiff's only allegation of wrongful discharge is based on a violation of Title VII: "[this case] was filed by the Plaintiff, Patricia Murray based on a Wrongful Discharge that violated the Federal legislative protections, including Title VII of the 1964 Civil Rights Act, covering Gender Discrimination."  ECF No. 6, ¶ 2.  Because Plaintiff has already been given one opportunity to adequately replead her claim for wrongful discharge,[2] and because Plaintiff's opposition leads the Court to believe that permitting her to replead this claim again will only cause unnecessary expense and delay, the Court will dismiss

---

[2] Plaintiff's prior opportunity to amend her complaint was in state court.  The difference in pleading standards under the Maryland Rules and the Federal Rules is not so great, however, that the Court will entirely discount Plaintiff's prior attempt at repleading.  <u>Compare</u> Md. Rule 3-303(b) ("A pleading shall contain only such statements of fact as may be necessary to show the pleader's entitlement to relief or ground of defense") <u>with</u> Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff's claim for wrongful discharge with prejudice in accordance with the court's holding in Makovi.

Defendant seeks dismissal of Plaintiff's claims for defamation and gender discrimination in violation of Title VII because she has failed to allege any facts in support of her claims sufficient to meet the plausibility standard imposed by Twombly, supra, and Iqbal, supra.  The lack of factual allegations in Plaintiff's Amended Complaint is obvious.  She states only that she "will show and give evidence that prove[s] ...defamation of character," ECF No. 6, ¶ 6, and that her discharge was wrongful because it violated Title VII, id. at ¶ 2.

The Court, therefore, will dismiss Plaintiff's claim for defamation with prejudice for the same reasons that it will dismiss her claim for wrongful discharge with prejudice. Plaintiff's claim for gender discrimination in violation of Title VII, however, will be dismissed without prejudice because, as Defendant noted in its Notice of Removal, ECF No. 1, ¶ 5, and its memorandum in support of the present motion, ECF No. 12-1 at 1-2, Plaintiff's Amended Complaint, "indicated for the first time that she was pursuing a claim under Title VII of the Civil Rights Act of 1964."  In light of Plaintiff's pro se status, Plaintiff will be given until December 28, 2012, to replead her gender discrimination claim.

5

**IV.  CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss will be GRANTED IN PART.  Plaintiff's claims for wrongful discharge and defamation will be dismissed with prejudice.  Plaintiff's claim for gender discrimination in violation of Title VII will be dismissed without prejudice.  Plaintiff will be given until December 28, 2012, to replead her claim for gender discrimination.  A separate order will issue.

                                          /s/
                              William M. Nickerson
                              Senior United States District Judge

December 6, 2012