IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA MURRAY              *
                            *
         Plaintiff          *
    v.                      *
                            *    Civil Action No. WMN-12-2674
Y OF CENTRAL MARYLAND       *
                            *
         Defendant          *
                            *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

On December 6, 2012, this Court granted Defendant's Motion to Dismiss with Prejudice, in part, but permitted Plaintiff to replead her claim for gender discrimination in violation of Title VII of the Civil Rights Act of 1964 by December 28, 2012. ECF No. 18.  The Court reasoned that Plaintiff was entitled to this extra bit of leniency because she is proceeding pro se and because she had only made one attempt at asserting her Title VII claim prior to Defendant's Motion to Dismiss.  ECF No. 17 at 5.

On December 28, 2012, Plaintiff re-filed her complaint (Second Amended Complaint).[1]  ECF No. 19.  The Court will dismiss Plaintiff's Second Amended Complaint because it, like Plaintiff's previously dismissed complaints, fails to meet the

_____

[1] The document filed by Plaintiff is captioned "Memorandum" and contains a note that reads "Request for Refile."  ECF No. 19 at 1.  In a call to the Clerk's office on January 2, 2013, however, Plaintiff confirmed that this document is intended to be her re-filed Complaint.

pleading requirements of the Federal Rules of Civil Procedure. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) (noting that numerous decisions recognize that "a district court may sua sponte dismiss a complaint for failure to state a claim" and that "[w]here the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

Rule 8(a) requires that a complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." As the Court previously noted, this requires Plaintiff to state facts sufficient to indicate that her claim is plausible on its face. See ECF No. 17 at 2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007))).

Plaintiff's Second Amended Complaint does not contain any facts relating to her claim. Indeed, it is simply a summary of two cases from the Court of Appeals of Maryland which discuss the state law cause of action for wrongful discharge. For this reason, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

January 7, 2013